**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ABATTI, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>IMPERIAL IRRIGATION DISTRICT, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-1323-MMA (KSC)<br><br>**ORDER AFFIRMING TENTATIVE RULING RE: MOTION TO DISMISS**<br><br>[Doc. No. 17] |

Plaintiff Michael Abatti is a farmer and landowner in California's Imperial Valley who, along with twenty-five other Plaintiffs, brings this civil action against Defendants Imperial Irrigation District and five individual members of the Imperial Irrigation District's Board of Directors, seeking money damages, injunctive relief, and declaratory judgment related to alleged violations of Plaintiffs' asserted federal right to Colorado River water. *See generally* Doc. No. 16 (Second Amended Complaint, the "SAC"). Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' SAC in its entirety. Doc. No. 17. On September 6, 2023, the parties appeared before the Court for a hearing on Defendants' Motion to Dismiss. Doc. No. 32. In anticipation of the hearing, the Court issued a tentative ruling on the pending motion. *See* Doc. No. 31. Upon due consideration of the motion, the response and reply thereto, the applicable law, the

parties' oral arguments, and for the reasons set forth below, the Court **AFFIRMS** its tentative ruling.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss, Doc. No. 17, in its entirety and **without leave to amend**.

## I. Background[1]

Plaintiffs Michael Abatti, The Michael and Kerri Abatti Family Trust, Mike Abatti Farms, LLC, James Abatti, The Abatti Family Trust dated July 21, 2005, Madjac Farms, Inc., Margaret L. Abatti, The Abatti Family Trust dated August 7, 1991, Robert Presley, Dana Presley, Smoke Tree Ranches, LLC, Alex Abatti, Jr., La Valle Sabbia, Inc., The C. Alex Abatti, Jr. 1996 Family Trust UDT dated February 2, 1996, Russell Bros. Ranches, Inc., Nowlin Family LLC, Victor Thomson Trust, Thomson Infinity X I & Quasar Z Q JT, Osborn Family Trust & Stacey L. Love Trust, Steve G Dahm Trust, Harold E. Richter Revocable Trust, Richter 1991 Family Trust Exemption Trust, Roy F. Richter Family Revocable Living Trust, Mary A. Jackson, Mary A. and Chrisman B. Jackson Trust dated February 22, 1993, and The Todd and Jennifer Mitosinka Family Trust (collectively, "Plaintiffs"), who initiated this action on September 2, 2022, are farmers, landowners, and companies in the farming business that use Colorado River water for irrigation in the Imperial Valley.[2]  SAC ¶¶ 10–28.

Defendant Imperial Irrigation District (the "District") is an irrigation district, which is a "public corporation governed by a board of directors and empowered to distribute and otherwise administer water for the beneficial use of its inhabitants." *Id.* ¶ 29.  The District is responsible "for the diversion, transportation, and distribution of water from the Colorado River to the Imperial Valley." *Id.* ¶ 44 (internal citation omitted). Defendants Alex Cardenas, Javier Gonzalez, J.B. Hamby, Karin Eugenio, and Gina

---

[1] Reviewing Defendants' Motion to Dismiss, the Court accepts as true all facts alleged in the SAC and construes them in the light most favorable to Plaintiffs. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[2] In the interest of clarity, the Court will generally use the term "farmers" to refer to irrigating landowners and businesses like Plaintiffs, unless context requires otherwise.

Dockstader are members of the District's Board of Directors (together with the District, "Defendants"). *Id.* ¶ 30.

Plaintiffs bring the instant suit against Defendants to "prohibit the District from enforcing" its 2022 Equitable Distribution Plan (the "2022 EDP"), which is a "permanent water allocation scheme" that was adopted on June 21, 2022. *Id.* ¶¶ 6, 8–9.

Previously, Plaintiffs Michael Abatti, The Michael and Kerri Abatti Family Trust, and Mike Abatti Farms, LLC, filed a petition for writ of mandate in California Superior Court against the District to invalidate its first EDP that was adopted in October 2013 (the "2013 EDP") on the grounds that, among other things, the 2013 EDP violated the Imperial Valley farmers' alleged water rights which entitle them to receive water sufficient to meet their reasonable irrigation needs. *Id.* ¶¶ 7, 81. The plaintiffs also alleged breach of fiduciary duty and takings claims in their petition. Doc. No. 17-1 at 18. Before the 2013 EDP, the District managed "Colorado River water and distribute[d] water to Imperial Valley farmers, without any set plan, for decades." SAC ¶ 79. "The [2013] EDP declared that, in the event of a water shortage, water would be allocated in the following order of priority: (1) Municipal Users; (2) Industrial Users; (3) Feed Lots, Dairies and Fish Farms; (4) Environmental Resources Water; and, lastly, (5) Agricultural Lands." *Id.* ¶ 80. In addition, "all non-agricultural water users were entitled to water based on their past usage, while farmers received no such guarantee." *Id.* In *Abatti v. Imperial Irrigation Dist.*, Case No. ECU07980 (Super. Ct. Aug. 15, 2017), the superior court ruled in favor of the plaintiff farmers, finding "that the 2013 EDP prioritized other groups of water users over farmers," and "that the 2013 EDP is not equitable because it disadvantages farmers, who should not be treated differently and with a lesser priority than other, non-domestic, classes of water users, such that [the] District abused its discretion in adopting it." *Id.* ¶ 81 (internal citations omitted). However, the superior court dismissed plaintiffs' breach of fiduciary duty and takings claims. Doc. No. 17-1 at 18. Following the superior court's decision, "the District repealed the 2013 EDP in February 2018." SAC ¶ 81.

The District then appealed the superior court's ruling to the California Court of Appeal. *Id.*; *see Abatti v. Imperial Irrigation District*, 52 Cal. App. 5th 236 (2020), *as modified on denial of reh'g* (Aug. 5, 2020), *review denied* (Oct. 28, 2020), *cert. denied* (June 28, 2021) ("*Abatti I*"). The Court of Appeal affirmed in part and reversed in part the superior court's ruling, holding, in particular, that: (1) the District was the "sole owner of the appropriative water rights to Colorado River water in the Imperial Valley"; (2) all users, including farmers, within the District "possess an equitable and beneficial interest in the District's water rights, which is appurtenant to their lands, and that this interest consists of a right to water service"; (3) "the District retains discretion to modify service consistent with its duties to manage and distribute water equitably for all categories of users served by the District"; (4) "the [superior] court correctly found that the District abused its discretion in the manner in which it prioritizes water users in the 2013 EDP" because "[i]t was not reasonable for the District to adopt a permanent, annual apportionment that applies few, if any, limits on most categories of users and effectively places the burden of shortages almost entirely on farmers"; however (5) "the [superior] court erred to the extent that it found any other abuse of discretion on the part of the District in its adoption of the 2013 EDP." SAC ¶ 82; Doc. No. 17 at 18–19; *Abatti I*, 52 Cal. App. at 247, 251. In addition, the Court of Appeal noted that the "extent to which the District balances [its water service] obligations implicates questions of discretion and policy, not rights." Doc. No. 17 at 19; *Abatti I*, 52 Cal. App. at 266.

Following the Court of Appeal's decision, the California Supreme Court denied the *Abatti I* plaintiffs' petition for review on October 28, 2020, and the U.S. Supreme Court denied the *Abatti I* plaintiffs' petition for writ of certiorari on June 28, 2021. Doc. No. 17-1 at 19–20.

Plaintiffs filed their SAC on December 19, 2022. Doc. No. 16. Plaintiffs now allege that the District's 2022 EDP, which divides users into three categories of "(1) Industrial/Commercial Water Users, (2) Potable Water Users, and (3) Agricultural Water Users," violates their federal water rights. SAC ¶¶ 83–120. Plaintiffs allege that

the "2022 EDP fails to guarantee or allocate to Plaintiffs the water sufficient to meet their irrigation needs, based on their historical beneficial use of water," and that it "will have a severe economic impact on Plaintiffs," who "have long owned and operated thriving farming businesses in the Imperial Valley." *Id.* ¶¶ 111–112.  Thus, Plaintiffs assert the following claims for relief: (1) violation of federal laws governing use of Colorado River water, including the Reclamation Act, Boulder Canyon Project Act, Colorado River Company, and U.S. Supreme Court decrees; (2) violation of the Takings Clause of the Fifth Amendment; (3) violation of the Due Process Clause of the Fourteenth Amendment; (4) violation of the Equal Protection Clause of the Fourteenth Amendment; (5) judicial and collateral estoppel; and (6) violation of 42 U.S.C. § 1983.  *Id.* ¶¶ 125–202.

Defendants filed the instant Motion to Dismiss all of Plaintiffs' claims on January 23, 2023.  Doc. No. 17.  Plaintiffs filed their opposition on March 13, 2023, and Defendants filed a reply on April 10, 2023.  Doc. Nos. 23; 27.  As stated above, the Court heard oral arguments on September 6, 2023.  Doc. No. 32.  The Court took the matter under submission following the hearing.  *Id.*  Accordingly, Defendants' Motion to Dismiss is now ripe for decision.

## II. Legal Standards

### A. Rule 12(b)(1)[3]

A party may challenge the court's subject-matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

---

[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (first citing *Safe Air for Everyone*, 373 F.3d at 1039; and then citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (first quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); and then citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). Generally, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (first citing *Safe Air for Everyone*, 373 F.3d at 1039–40; then citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); and then citing *Thornhill Publ'g*, 594 F.2d at 733).

**B.   Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or where there is an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). At the motion to dismiss stage, all material allegations in the complaint must be taken as true

and construed in the light most favorable to the claimant. *Id.*

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Implausible claims for relief will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendants ask the Court to take judicial notice of seven exhibits—comprising copies of the District's 2013 and 2022 EDPs, a digital presentation regarding the District's 2023 EDP, and copies of court filings concerning Plaintiff Michael Abatti's state court case—in support of their Motion to Dismiss. *See* Doc. Nos. 18; 18-1.

A court may take judicial notice of an adjudicative fact that "is not subject to reasonable dispute" because it is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. While the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the complaint necessarily relies without converting the motion to dismiss into one for summary judgment if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

Furthermore, courts may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (citing *Premier Growth Fund v. All. Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *see also Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of "Yahoo! Press releases, news articles, analyst reports, and third party press releases to which the SAC refers, but not for the truth of their contents").

Here, Defendants contend that Exhibits A through G are judicially noticeable court filings and public records. *See generally* Doc. Nos. 18; 18-1. Plaintiffs do not object to Defendants' request for judicial notice. Upon review, the Court agrees with Defendants and **GRANTS** their request for judicial notice, Doc. No. 18, as to each of the seven exhibits. However, the Court does not consider these exhibits for the truth of the matters asserted therein. *See, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (granting defendants' request to take judicial notice of SEC filings, but specifying that they will not "where inappropriate" be considered for the truth of the matter asserted).

## IV. DISCUSSION

Defendants move to dismiss Plaintiffs' SAC under Rule 12(b)(6), arguing both that Plaintiffs failed to state a claim upon which relief can be granted and that their claims are barred by res judicata. Doc. No. 17-1 at 11–33. Defendants also argue that this Court lacks subject matter jurisdiction over this case under Rule 12(b)(1). *Id.* at 30. The Court begins by addressing Defendants' res judicata argument.

Defendants argue that this action should be dismissed in its entirety because it is precluded by the doctrine of res judicata. *See* Doc. No. 17-1 at 30–33; *see also* Doc. No. 27 at 22–23. Specifically, Defendants assert that Plaintiffs are bound by the California Court of Appeal's decision in *Abatti I*. Doc. No. 17-1 at 31. Plaintiffs respond that res judicata does not preclude the causes of action brought in the instant case for the following reasons: (1) the 2022 EDP at issue in the instant case did not arise before *Abatti*

*I*; (2) the causes of action asserted in the two cases are not the same; (3) the instant case involves multiple parties other than the plaintiffs in *Abatti I*; and (4) even if the instant case were barred by res judicata, the public interest exception applies. *See* Doc. No. 23 at 29–32.

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments. *San Remo Hotel, L.P. v. Cty. & Cnty. of San Francisco*, 545 U.S. 323, 336 (2005); *Brodheim v. Cty*, 584 F.3d 1262, 1268 (9th Cir. 2009).

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "To determine the preclusive effect of a state court judgment[,] federal courts look to state law." *Manufactured Home Cmtys. Inc. v. Cty, of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (citing *Palomar Mobilehome Park Ass'n v. Cty. of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)).

Under California law, the doctrine of res judicata precludes a subsequent action if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding [involves] the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Federation of Hillside & Canyon Ass'n*, 126 Cal. App. 4th 1180, 1202 (2004) (citing *Busick v. Workmen's Comp. Appeals Bd.*, 7 Cal. 3d 967, 974 (1972)). "Unlike the federal courts, which apply a 'transactional nucleus of facts' test, 'California courts employ the "primary rights" theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Brodheim*, 584 F.3d at 1268 (quoting *Maldonado v. Harris*, 370 F.3d 945, 952 (2004)).

Neither party disputes that the opinion and final judgment of the California Court of Appeal in *Abatti I* is the operative decision for res judicata purposes here. Plaintiffs

also do not contest that the decision is a final judgment on the merits. Therefore, that leaves two main questions for this Court to resolve: (1) did the *Abatti I* decision involve the same causes of action as Plaintiffs' claims here; and (2) does this case involve the same parties, or parties in privity with the state court parties?

## A. Whether the Causes of Action are the Same

Plaintiffs argue the causes of action asserted in *Abatti I* are not the same causes of action brought in the instant case. *See* Doc. No. 23 at 29. Specifically, Plaintiffs argue that res judicata is inapplicable because the District's adoption of the 2013 EDP is a "factually distinct . . . episode[]" from its adoption of the 2022 EDP." *Id.* at 31 (internal citation omitted). In addition, Plaintiffs argue that the *Abatti I* "plaintiffs did not argue that the interplay of state and federal statutes created a property interest" in the District's water, and that res judicata cannot apply because the 2022 EDP arose after the initial complaint was filed in *Abatti I*. *Id.* Defendants, on the other hand, contend that the current action concerns the same primary rights at issue in the *Abatti I* action. *See* Doc. No. 17-1 at 31–32; *see also* Doc. No. 27 at 22.

Whether Plaintiffs' challenge to the District's 2022 EDP and the prior state court challenge to the District's 2013 EDP constitute the same cause of action turns on whether "they are based on the same 'primary right.'" *Federation of Hillside & Canyon Ass'n v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004) ("*Federation of Hillside*"). That is, "[t]he plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id.* "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Tensor Group v. City of Glendale*, 14 Cal. App. 4th 154, 160 (1993).

In arguing the District's 2022 EDP constitutes a new wrong, Plaintiffs cite *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App. 4th 210 (2009) ("*Castaic Lake*"). In that case, a nonprofit organization challenged an

environmental impact report ("EIR") concerning a water transfer. *Id.* at 219. The appellate court directed the issuance of a writ vacating the certification of the EIR as legally inadequate. *Id.* at 221. After a second EIR was certified in 2004, another petition was filed challenging the revised EIR. *Id.* at 218–219. The court concluded the subsequent petition involved a different cause of action because the second EIR was a "factually distinct attempt[] to satisfy [the California Environmental Quality Act's ("CEQA")] mandates." *Id.* at 228. Specifically, the court concluded the initial action "and the underlying actions involve distinct episodes of purported noncompliance regarding 'the same general subject matter' (citation), namely, the public's statutory right to an adequate EIR concerning the [water] transfer (citations)." *Id.*

While *Castaic Lake* concluded the second petition could proceed due to "'changed conditions and new facts which were not in existence at the time the action was filed,'" *Castaic Lake*, 180 Cal. App. 4th at 227, other courts have found subsequent petitions barred because they arise from materially similar facts. For example, in *Ballona Wetlands Land Trust v. City of Los Angeles*, 201 Cal. App. 4th 455 (2011) ("*Ballona Wetlands*"), objectors filed petitions for writs of mandate challenging Los Angeles's certification of an EIR and project approvals for a certain real estate development. *Id.* at 462. After the trial court granted the petitions in part, Los Angeles vacated its certification of the EIR and project approvals. *Id.* at 463. Los Angeles then revised certain sections of the EIR, recertified it, and reapproved the project. *Id.* at 464. The objectors again challenged the EIR based both on the revisions and on new grounds. *Id.* The court concluded the objectors were barred from raising new challenges to the revised EIR: "After considering the petitioner's challenges to an EIR or other agency action and rendering a final judgment and peremptory writ of mandate, a trial court evaluating a return to the writ may not consider any newly asserted challenges arising from the same material facts in existence at the time of the judgment. To do so would undermine the finality of the judgment." *Id.* at 480.

Similarly, in *Federation of Hillside*, Los Angeles prepared a general plan framework and EIR, which cited and relied in large part on a transportation improvement mitigation plan. *Federation of Hillside*, 126 Cal. App. 4th at 1190. Following an initial petition challenging the general plan framework and EIR, Los Angeles amended the EIR to add responses to comments on the transportation improvement mitigation plan, made new findings regarding mitigation measures, adopted a statement of overriding considerations, and readopted the general plan framework. *Id.* at 1191–92. A second petition was filed challenging the adoption of the general plan framework, CEQA findings, and statement of overriding considerations. *Id.* at 1193. On appeal, the court noted certain current findings by Los Angeles were substantially identical to its prior findings. *Id.* at 1202. Despite Los Angeles's reliance on information that postdated its initial CEQA findings, the court found "the material facts have not changed and . . . the two proceedings involve the same primary right and the same cause of action" because the reapproval of the general plan framework was primarily based on information and analysis contained in the original EIR. *Id.* at 1204.

Both *Castaic Lake*, relied on by Plaintiffs, and *Ballona Wetlands* cite *Federation of Hillside*. And neither disputes the holding in *Federation of Hillside*—namely, that res judicata barred the petitioners' challenges in the second proceeding because, in part, "the material facts had not changed and the issues asserted in the later proceeding could have been asserted in the prior proceeding." *Ballona Wetlands*, 201 Cal. App. 4th at 480; *see Castaic Lake*, 180 Cal. App. 4th at 229 (distinguishing *Federation of Hillside* on the basis that it "challenged the same EIR and the material facts had not changed"). *Ballona Wetlands* likewise concluded the materials facts had not changed such that res judicata was appropriate. *Id.* at 480. *Castaic Lake*, however, found material facts had changed and allowed the second petition to proceed. *Id.* at 228.

Accordingly, the Court finds that the key question here is whether the 2022 EDP adopted new findings such that they constituted a new injury to Plaintiffs and a new wrong by the District. *See Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 701

(2018), *as modified* (Sept. 26, 2018). Defendants argue that the same primary right is at issue in both cases—"that the farmers have a protected water right in [the District's] water rights and [the District] adopted an EDP that violates the farmers' water right in [the District's] water." Doc. No. 17-1 at 31. The Court agrees. Although Plaintiffs maintain that the 2022 EDP is "substantially different" than the 2013 EDP, the Court finds that it is not. Doc. No. 23 at 31. Of course, the Court acknowledges that the District's 2022 EDP does include changes—such as dividing water users into three categories instead of the five in the 2013 EDP. SAC ¶¶ 86–90. However, other than the fact that the District came out with a new EDP, the Court finds that Plaintiffs are not alleging a different primary right in this lawsuit because the materials facts have not changed. Indeed, it appears that the District promulgated both the 2013 and 2022 EDPs while California faced "the threat posed by the longest drought in over a century affecting the Colorado River basin." Doc. No. 17-1 at 10.

Moreover, although Plaintiffs did not raise any federal claims in their state court action, "the doctrine of res judicata applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action."[4] *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986). In addition, Plaintiffs do not dispute that many of their arguments are nearly identical to those raised and argued in the *Abatti I* case.

As such, the Court finds this element of res judicata is satisfied with respect to Plaintiffs' claims alleged in their SAC.

**B.      Whether the Parties are the Same**

The question of whether the parties are the same is substantially more streamlined. Michael Abatti, The Michael and Kerri Abatti Family Trust, and Mike Abatti Farms,

---

[4] The Court notes that Plaintiffs' first and fifth claims in their SAC could be dismissed on alternative grounds. For instance, Plaintiffs do not dispute that their first and fifth claims are not causes of action or do not confer a private right of action. Doc. No. 23 at 18 n. 1, 27–28; *see also* Doc. No. 27 at 22.

LLC ("the Abattis") were the plaintiffs in the state action, and are Plaintiffs here. The District was the defendant in the state action, and is a defendant here. Nothing more needs to be established on this score. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002).

Plaintiffs suggest that the addition of the new farmer, landowner, and business plaintiffs in this case derails the application of res judicata, *see* Doc. No. 23 at 32, but the point is not well taken. California courts apply a "practical concept of privity." *Atwell*, 27 Cal. App. 5th at 702 (2018) (internal citation omitted). "[T]o maintain the stability of judgments," California courts will enforce preclusion against a party that shares "an identity or community of interest" with a party in the prior action. *Id.* at 702–03 (quoting *Castillo v. Glenair, Inc.*, 23 Cal. App. 5th 262, 276–277 (2018), *disapproved on other grounds in Grande v. Eisenhower Med. Ctr.*, 13 Cal. 5th 313, 329 (2022)). Indeed, "the privity inquiry focuses on the relationship between supposed privies in the context of the litigation—not a static analysis of the relationship between them. Two litigants may be privies in some circumstances yet strangers in others." *Grande*, 13 Cal. 5th at 329.

This makes short work of the new farmers, landowners, and businesses that appear as Plaintiffs in the instant case. In their SAC in this case, Plaintiffs allege that the 2013 EDP at issue in the state court action "nullified the water rights of Mr. Abatti and *other Imperial Valley farmers*, provided for the transfer of *their rights* to other users without compensation, and established a water priority scheme under which *agricultural users* received no priority at all." SAC ¶ 80 (emphasis added). This is essentially identical to Plaintiffs' allegations regarding the 2022 EDP at issue in this case. *Id.* ¶¶ 102–03, 110–20. Therefore, the Court finds that the community of interests in this case are the same as when the Abattis acted as the plaintiffs in the state action.[5]

---

[5] Neither party appears to argue that the addition of new defendants in this case prevents the application of res judicata. Even if they did, the same reasoning as above would apply because the new individual defendants were in privity with the District.

Consequently, the Court finds that the new plaintiffs' formal appearance as parties here does not forestall the state court case's preclusive effect.

### C. Whether the Public Interest Exception Applies

Plaintiffs next contend that, even if this action is barred by res judicata, "the public interest exception" would apply because "there are many property owners in the District whose constitutional rights are affected by the 2022 EDP." Doc. No. 23 at 32. The Court disagrees.

"[W]hen the issue is a question of law rather than of fact, the prior determination is not conclusive either if injustice would result or if the public interest requires that relitigation not be foreclosed." *Sacramento v. State of California*, 50 Cal. 3d 51, 64 (1990). Importantly, "[t]he public interest exception is an extremely narrow one." *Arcadia Unified Sch. Dist. v. State Dep't of Educ.*, 2 Cal. 4th 251, 259 (1992) ("*Arcadia*"). Indeed, the California Supreme Court has emphasized "it is the exception, not the rule, and is only to be applied in exceptional circumstances." *Id*. *Arcadia* illustrates exceptional circumstances of the sort that give rise to a public interest exception. The question before the *Arcadia* court was whether an Education Code section authorizing school districts to charge fees for student transportation violated the California Constitution. *Id.* at 255. The California Supreme Court observed that this was "a pure question of law" that "affects the public in general, including children, parents and taxpayers." *Id*. at 259. Further, "[b]ecause the [plaintiff] school districts were not parties to the earlier case . . . they [had] not had the opportunity to litigate the constitutionality of" the statute at issue. *Id.* And because the court had ordered the prior case depublished, *id.* at 256, "the state of the law on a matter of statewide importance would remain permanently unclear and unsettled" if the case was barred from going forward. *Id.* at 259.

Here, there are no similar exceptional circumstances that would justify applying the narrow public interest exception to Plaintiffs' claims. The Court agrees with Defendants that "the law defining [Plaintiffs'] interest in [the District's] water rights is

settled." Doc. No. 27 at 23. Moreover, Plaintiffs' claims do not implicate the interest of the public at large in any regard, rather, they involve the interests of only one set of the District's water users—farmers in California's Imperial Valley—who will be affected by the 2022 EDP.

Therefore, the Court finds that the public interest exception does not apply and that this case is barred by res judicata.

## V. CONCLUSION

In sum, the Court **GRANTS** Defendants' Motion to Dismiss, Doc. No. 17, in its entirety and **without leave to amend** based on the doctrine of res judicata.[6] As such, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: September 13, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[6] In light of the Court's decision to dismiss the SAC based on the doctrine of res judicata, the Court declines to reach Plaintiffs' remaining 12(b)(6) arguments and **DENIES AS MOOT** Defendants' Motion to Dismiss to the extent it is based on Rule 12(b)(1).